Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MILLER, Individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PCM, INC., FRANK F. KHULUSI, and BRANDON H. LAVERNE,<br><br>　　　Defendants. | Case No. 17-cv-3364<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Pamela Miller ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding PCM, Inc. ("PCM" or the

Class Action Complaint for Violation of the Federal Securities Laws

"Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of PCM from June 17, 2015 through May 2, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.     Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants' principal executive offices are located in this judicial district.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

Class Action Complaint for Violation of the Federal Securities Laws

**PARTIES**

6.    Plaintiff, as set forth in the accompanying Certification, purchased PCM securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7.    Defendant PCM is a multi-vendor provider of technology products and solutions. The Company primarily sells device products, servers, storage products, networks, printers, and related accessories and devices. The company also provides software asset management, and hardware sales and services, as well as software value-added reseller services, managed services, cloud-based services, consulting, and IT management and related services. The Company is incorporated in Delaware and its principal executive offices are located at 1940 East Mariposa Avenue, El Segundo, CA 90245. The Company's securities are traded on NASDAQ under the ticker symbol "PCMI."

8.    Defendant Frank F. Khulusi ("Khulusi") has been the Company's Chief Executive Officer ("CEO") throughout the Class Period.

9.    Defendant Brandon H. LaVerne ("LaVerne") has been the Company's Chief Financial Officer ("CFO") throughout the Class Period.

10.    Defendants Khulusi and LaVerne are sometimes referred to herein as the "Individual Defendants."

11.    Each of the Individual Defendants:

(a)    directly participated in the management of the Company;

(b)    was directly involved in the day-to-day operations of the Company at the highest levels;

(c)    was privy to confidential proprietary information concerning the Company and its business and operations;

(d)    was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

Class Action Complaint for Violation of the Federal Securities Laws

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

12.     The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14.     The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

15.     On March 16, 2015, PCM issued a press release entitled, "PCM to Acquire Assets of En Pointe Technologies Sales, Inc." announcing that PCM had entered into an agreement to acquire the assets of En Point Technologies Sales, Inc. ("En Pointe"), one of the nation's largest independent IT solutions providers. The terms of the acquisition was for PCM to pay "$15 million in cash and certain contingent earn-out consideration over a three year period."

16.     On April 1, 2015, PCM issued the press release entitled, "PCM Completes Acquisition of Assets of En Pointe Technologies Sales, Inc." announcing the completion of PCM's acquisition of En Pointe.

Class Action Complaint for Violation of the Federal Securities Laws

17.     On May 11, 2015, PCM filed a Form 10-Q for the quarter ended March 31, 2015 (the "1Q 2015 10-Q") with the SEC, which discussed financial statements of the En Pointe acquisition, stating in relevant part:

> The assets were acquired by an indirect wholly-owned subsidiary of PCM, which subsidiary now operates under the En Pointe brand. The accounting for the acquisition of En Pointe is currently preliminary. The acquisition occurred in the second quarter of 2015, and we continue to obtain information relative to the fair values of certain assets acquired, certain liabilities assumed and any non-controlling interests in the transaction. Acquired assets and assumed liabilities include, but are not limited to, fixed assets, licenses, intangible assets and professional liabilities. The valuations will be based on appraisal reports, discounted cash flow analyses, actuarial analyses or other appropriate valuation techniques to determine the fair value of the assets acquired or liabilities assumed. We expect to finalize the purchase price allocation for En Pointe as soon as practical.

### Materially False and Misleading Statements

18.     On June 17, 2015, the Company filed a Form 8-K with the SEC to include En Pointe's financial statements and pro forma financial information. The Form 8-K was signed by Defendant LaVerne.

19.     Attached to the Form 8-K were the audited financial statements of En Pointe, including the following statements of income and comprehensive income:

Class Action Complaint for Violation of the Federal Securities Laws

EN POINTE TECHNOLOGIES SALES, INC.
STATEMENTS OF INCOME AND COMPREHENSIVE INCOME
FOR THE YEARS ENDED SEPTEMBER 30, 2014, 2013 AND 2012
(in Thousands)

| | Years Ended December 31, | | |
| --- | --- | --- | --- |
| | 2014 | 2013 | 2012 |
| Net sales: | | | |
| Product | $ 375,578 | $ 306,614 | $ 295,206 |
| Service | 17,001 | 14,904 | 15,519 |
| Total net sales | 392,579 | 321,518 | 310,725 |
| | | | |
| Cost of sales: | | | |
| Product | 325,234 | 262,182 | 254,697 |
| Service | 8,677 | 9,406 | 9,677 |
| Total cost of sales | 333,911 | 271,588 | 264,374 |
| | | | |
| Gross profit: | | | |
| Product | 50,344 | 44,432 | 40,509 |
| Service | 8,324 | 5,498 | 5,842 |
| Total gross profit | 58,668 | 49,930 | 46,351 |
| Operating expenses: | | | |
| Selling and marketing expenses | 46,449 | 40,667 | 36,014 |
| General and administrative expenses | 6,906 | 6,519 | 6,659 |
| Operating income | 5,313 | 2,744 | 3,678 |
| | | | |
| Other (expense) income: | | | |
| Interest expense, net | (577) | (539) | (710) |
| Other income (expense), net | 1,658 | 80 | 95 |
| Total other income (expense), net | 1,081 | (459) | (615) |
| | | | |
| Income from continuing operations before provision for income taxes | 6,394 | 2,285 | 3,063 |
| Provision for income taxes | 393 | 60 | 943 |
| Net income from continuing operations | 6,001 | 2,225 | 2,120 |
| Loss from discontinued operations, net of tax | — | — | (1,346) |
| | | | |
| Net income | 6,001 | 2,225 | 774 |
| | | | |
| Other comprehensive income (loss), net of tax | | | |
| Valuation adjustment for equity positions | 24 | (219) | (160) |
| Comprehensive income | $ 6,025 | $ 2,006 | $ 614 |

20.    Also attached to the Form 8-K were the unaudited interim financial statements of En Pointe, including the following statements of income:

Class Action Complaint for Violation of the Federal Securities Laws

**EN POINTE TECHNOLOGIES SALES, INC.**
**CONDENSED STATEMENTS OF INCOME AND COMPREHENSIVE INCOME**
**FOR THE THREE MONTHS ENDED DECEMBER 31, 2014 AND 2013**
**(in Thousands)**
**(Unaudited)**

| | December 31, | |
| --- | --- | --- |
| | 2014 | 2013 |
| Net sales: | | |
| Product | $ 102,084 | $ 84,398 |
| Service | 5,615 | 4,279 |
| Total net sales | 107,699 | 88,677 |
| Cost of sales: | | |
| Product | 89,782 | 73,040 |
| Service | 2,607 | 2,219 |
| Total cost of sales | 92,389 | 75,259 |
| Gross profit: | | |
| Product | 12,302 | 11,358 |
| Service | 3,008 | 2,060 |
| Total gross profit | 15,310 | 13,418 |
| Operating expenses: | | |
| Selling and marketing expenses | 11,266 | 11,653 |
| General and administrative expenses | 2,476 | 1,390 |
| Operating income | 1,568 | 375 |
| Other (expense) income: | | |
| Interest expense, net | (113) | (174) |
| Other income (expense), net | 14 | 51 |
| Total other income (expense), net | (99) | (123) |
| Income before provision for income taxes | 1,469 | 252 |
| Provision for income taxes | 363 | 15 |
| Net income | 1,106 | 237 |
| Other comprehensive income (loss), net of tax | | |
| Valuation adjustment for equity positions | 74 | (31) |
| Comprehensive income | $ 1,180 | $ 206 |

21.    The statements referenced in ¶¶ 18-20 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) En Pointe's financial statements that PCM filed with the SEC materially overstated the profitability of the business; and (2) as a result, PCM's public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

22.    On May 2, 2017, the article entitled, "Buyer's Remorse: Lawsuits Reveal Significant Risk With PCM's Largest Acquisition" was published on *SeekingAlpha*. The article discussed a lawsuit between Collab9, En Pointe's previous

Class Action Complaint for Violation of the Federal Securities Laws

owner, and PCM surrounding PCM's acquisition of En Pointe, stating in relevant part:

> In its complaint, Collab9 discloses financial information that, by our estimation, implies En Pointe's revenues declined significantly during the first 16 months of ownership. More troubling are counter claims set forth by PCM that allege:
>
> **1.  *Audited financials provided by En Pointe, and filed with the SEC, materially overstated the profitability of the business.***
>
> 2.  As a result of breaches by Collab9, PCM is unable to conduct the business in a manner consistent with how the business was historically conducted.
>
> 3.  Breaches by Collab9 have damaged PCM's goodwill with many of its customers.
>
> 4.  Collab9 did not disclose that related parties controlled a Pakistani partner that represents a substantial portion of En Pointe's work force.
>
> 5.  Had PCM known the truth about En Pointe's finances, it would not have entered into the purchase agreement.
>
> All in all, PCM alleges damages exceeding $57 million or over three times PCM's 2016 net income. But to fully grasp the potential financial impact of PCM's allegations, investors must first ask what did PCM acquire?
>
> *          *          *
>
> It was not until PCM filed a motion to amend its answer on April 11th, 2017 that we learned "PCM was ready and able to assert its Counterclaims when it filed its original answer to the Amended Complaint on February 8, 2017," but chose not to do so in order to pursue an amicable resolution. We mention this only to point out that by doing so, ***PCM kept, what we consider to be material information, out of the public record.***

- 8 -

PCM Alleges Collab9 Provided False and Misleading Financial Statements

(Emphasis added).

23.     On this news, shares of PCM fell $2.05 per share or over 8% from its previous closing price to close at $22.30 per share on May 2, 2017, damaging investors.

24.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publically traded securities of PCM during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

26.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

Class Action Complaint for Violation of the Federal Securities Laws

27.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     whether Defendants' acts as alleged violated the federal securities laws;

(b)     whether Defendants' statements to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

(c)     whether Defendants' statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

(d)     whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

(e)     whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

(f)     whether the prices of the Company's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

(g)     whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

Class Action Complaint for Violation of the Federal Securities Laws

30.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

31.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

(a)    Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b)    the omissions and misrepresentations were material;

(c)    the Company's securities are traded in efficient markets;

(d)    the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

(e)    the Company traded on the NASDAQ, and was covered by multiple analysts;

(f)    the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; Plaintiff and members of the Class purchased and/or sold the Company's securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts; and

(g)    Unexpected material news about the Company was rapidly reflected in and incorporated into the Company's stock price during the Class Period.

32.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

Class Action Complaint for Violation of the Federal Securities Laws

33.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

### COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5 Against All Defendants

34.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35.    This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

36.    During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

37.    The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they: employed devices, schemes and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of the Company's securities during the Class Period.

38.    The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the

Class Action Complaint for Violation of the Federal Securities Laws

name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

39.     Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

40.     As a result of the foregoing, the market price of the Company's securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of the Company's securities during the Class Period in purchasing the Company's securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

41.     Had Plaintiff and the other members of the Class been aware that the market price of the Company's securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did

not disclose, they would not have purchased the Company's securities at the artificially inflated prices that they did, or at all.

42.    As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

43.    By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of the Company's securities during the Class Period.

### COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

44.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45.    During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

46.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

47.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual

Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of the Company's securities.

48.    Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

49.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

Class Action Complaint for Violation of the Federal Securities Laws

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: May 3, 2017                    Respectfully submitted,

                                      **THE ROSEN LAW FIRM, P.A.**

                                      By: /s/ Laurence M. Rosen
                                      Laurence M. Rosen, Esq. (SBN 219683)
                                      355 S. Grand Avenue, Suite 2450
                                      Los Angeles, CA 90071
                                      Telephone: (213) 785-2610
                                      Facsimile: (213) 226-4684
                                      Email: lrosen@rosenlegal.com

                                      Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws